IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THOMAS MELONE,<br><br>    Plaintiff-*pro se*,<br><br>v.<br><br>TRINA SOLAR (U.S.) INC., a Delaware corporation,<br><br>    Defendant. | Case No. 22-942 |

## COMPLAINT

Plaintiff Thomas Melone ("Plaintiff" or "Melone") for his complaint against Defendant Trina Solar (U.S.) Inc. ("Defendant" or "Trina") alleges upon knowledge as to his own actions and otherwise upon information and belief, as follows:

### INTRODUCTION

1. In 2020, Trina and Allco Finance Limited ("Allco") entered into a contract centered on Massachusetts and Connecticut under which Allco ordered millions of dollars of solar modules from Trina for delivery by Trina to Allco in Massachusetts and Connecticut. Plaintiff Melone is the President of Allco.

2. Trina is the United States regional office of Trina Solar Limited based in Changzhou, Jiangsu, China ("Trina China") one of the largest manufacturers of solar energy products in the world. Trina China's Chairman and Chief Executive Officer, Jifan Gao, is one of the wealthiest men in world with a net worth estimated by Forbes as exceeding $8 billion. Allco is a small solar energy developer based in Connecticut.

1

3.      On December 10, 2021, Trina filed a complaint (the "California Complaint") (which was amended on February 24, 2022) in the Superior Court in San Francisco, California, against Allco asserting that Allco repudiated and breached the contract between Allco and Trina for the delivery of modules to Massachusetts and Connecticut. A copy of Trina's amended California Complaint is attached as <u>Exhibit 1</u>.

4.      In addition to naming Allco as a defendant in the California Complaint, Trina named as additional defendants "Does 1-10."

5.      Melone is one of the Does.

6.      Melone is alleged by Trina in the California Complaint as the person that caused the alleged breaches of the contract between Allco and Trina.

7.      The California Complaint alleges that "Defendants named as Does 1 through 10 are in some way responsible for the acts and omissions alleged in this Complaint and proximately caused Trina's damages alleged herein. Trina is likewise informed and believes, and on that basis alleges, that each of the Defendants, including those named fictitiously herein, in addition to acting for itself and on its own behalf individually, are and were acting as the co-conspirator, agent, servant, employee and representative of, and with the knowledge, consent and permission of, each and all other Defendants, and within the course, scope, and authority of said conspiracy, agency, service, employment and representation."

8.      Trina's California Complaint seeks declaratory relief and damages against Melone, as one of the Does.

9.      The California Complaint also seeks against Melone as one of the Does, costs of suit, pre- and post-judgment interest, and attorney's fees.

10. On information and belief, the attorney's fees alone that Trina seeks recovery of from Melone as one of the Does exceeds $75,000.

11. The stated purchase price of the modules in the contract is $4,970,513.97.

12. Melone is not subject to the jurisdiction of the California Superior Court with respect to the California Complaint.

13. Melone is therefore bringing this suit to clear his name, to establish that he has no liability to Trina, and that Trina's claims against him are baseless.

## PARTIES, JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because of diversity of citizenship under 28 U.S.C. § 1331 and the amount in controversy exceeds $75,000.

15. Melone is a citizen of Florida. Upon information and belief, Trina is a Delaware corporation with its principal place of business in Changzhou, Jiangsu, China. The stated purchase price of the modules in the contract is $4,970,513.97. In addition, upon information and belief, the damages and attorney's fees that Trina seeks from Melone exceed $75,000.

16. This Court has general jurisdiction over Trina because Trina is a Delaware corporation.

17. Venue is proper in this District under 28 U.S.C. § 1391(b) because Trina resides in the District of Delaware.

18. The Court has authority to issue the requested declaratory and injunctive relief pursuant to 28 U.S.C. §§2201, 2202, and 5 U.S.C. §§705, 706.

19. This action reflects an actual, present, and justiciable controversy between Plaintiff and the Defendant within the meaning of the Declaratory Judgment Act, 28 U.S.C. §2201.

20. The requested declaratory and injunctive relief would redress the actual, concrete injuries to the Plaintiff caused by the Defendant's actions.

## FACTUAL ALLEGATIONS

21. In 2020, Allco contracted with Trina to purchase solar photovoltaic modules manufactured by Trina China for delivery in Connecticut and Massachusetts. The solar modules would be manufactured specially for Allco. During the manufacturing process, each individual module is given a serial number and that serial number is identified to the Allco order at the time of manufacture.

22. The contract between Allco and Trina, called the module supply agreement or "MSA," was originally executed so as to specifically cover one module purchase, which was a purchase of modules for Allco's Barrow Solar project located in Somers, Connecticut. Trina delivered those modules to Somers, Connecticut, between June 28, 2020, and July 2, 2020.

23. On November 4, 2020, after further solicitation by Trina's East Coast sales manager, Allco placed another purchase order. This time it was for 15,982,360 watts of Trina China 470, 475 and 480 watt photovoltaic bi-facial solar modules (the "475-Watt Module Purchase Order"), for delivery to solar projects in Massachusetts. The 475-Watt Module Purchase Order is the order that Trina has refused to deliver and is the subject of the Connecticut Action and the California Complaint. On April 14, 2021, Allco sent an email to Trina requesting a status update on the delivery of the 475-Watt Module Purchase Order and, consistent with customary practice, advised Trina that Allco would be updating the 475-Watt Module Purchase Orders with updated delivery locations.

24. On May 10, 2021, Trina sent an email to Allco confirming that delivery of the modules under the 475-Watt Modules Purchase Orders was on schedule for August 2021. In

August of 2021, Allco again requested a status update on the delivery of the 475-Watt Module Purchase Order and reminded Trina that there are updated delivery locations.

25. On August 3, 2021, Trina responded: "See attached PO's and please provide the revised PO's with the updated delivery addresses. Please also provide the contact name, phone number, and email address for each of the projects." On August 23, 2021, Allco provided Trina with the updated locations in Massachusetts, Connecticut and Vermont.

26. On August 6, 2021, Plaintiff sent Allco an email identifying the modules to the 475-Watt Module Purchase Orders, stating the modules per container shipped, and stating that the "ETA is 10-14 days from ETA to port, 08/21/2021-09/21/2021," and identifying the port as Port Newark, New Jersey. Trina's list shows that all of Allco's modules departed the factory in Southeast Asia on June 2, 2021, or July 3, 2021. Thus, as of August 6, 2021, at least some of the modules were at the dock in Asia and ready to ship to Allco.

27. When it was apparent that the modules were not going to arrive on the timeline promised by Trina, Allco repeatedly asked for more information related to Trina's delay in delivering the modules, including relating to where the Allco modules were. Trina repeatedly refused to provide such information.

28. In of providing information related to where the modules were that Trina China had manufactured for Allco, Trina sent a letter to Allco falsely claiming that delays in module deliveries were caused by anonymous petition for duties on certain imported modules filed with the United States Department of Commerce.

29. But the reality is that Trina decided to sell those modules for a much higher price than the price Trina agreed to with Allco instead of following through with the delivery to Allco. Prices for modules have skyrocketed since Allco placed its order in November 2020 for the 475-

5

Watt Module Purchase Order. Trina would be able to resell those modules for a price at least 50% higher than the price Trina agreed to with Allco if Trina could find a way to get out of the contract.

30. Upon information and belief, Trina did exactly that—Trina or Trina China sold the modules that were specifically manufactured for Allco and identified to the contract.

31. Trina's organization hatched a cover story to defraud Allco out of its contracted for modules using the anonymous petition as a ruse. Melone called out Trina for lying.

32. Allco filed suit against Trina in Connecticut Superior Court, which case is pending (the "Connecticut Action"). A month later, Trina filed the California Complaint against Allco, Melone and other Does claiming that Allco repudiated the contract, purportedly causing monetary damages to Trina and that Melone was also liable for Trina's purported damages. The California action is still pending. Trina could have sued only Allco in the California Complaint (although Allco is disputing the California court's jurisdiction over it). But a characteristic, bully fashion, Trina also aimed its high-powered Jones Day attorneys at Allco's personnel. Trina's claims against Allco are baseless enough, but the claims against Melone and the other Does are simply made in bad faith, vexatiously and for oppressive reasons.

33. It is undisputable that if Trina delivered the modules as stated in the purchase orders (i.e., August 15, 2021) or on the delayed timeline stated in its August 6, 2021, email, then no tariff would have been applicable or imposed even if the anonymous Petition were granted, which it never was.

34. Allco's module orders at issue provide for a 10% initial payment and a 90% payment seven days before actual delivery. Trina's email to Allco stated delivery would occur between August 21, 2021, and September 21, 2021. The process is that when the modules arrive in Port Newark, New Jersey, Trina would contact Allco and then schedule the actual date for

delivery once modules are imported. Payment under the contract would then be due seven days prior to that actual scheduled delivery date.

35. Because Trina sold the modules to another buyer and defaulted on its delivery to Allco, the 90% balance never became due. Once Trina defaulted on its obligation to Allco by selling the Allco-identified modules to a third-party sometime in June to August 2021, Allco's obligations to Trina were suspended. *Restatement (Second) of Contracts* §237. Allco had no legal obligation to confirm anything to Trina. But what Melone did say to Trina in response to Trina's September 2021 letter regarding the hypothetical tariff duties was that Allco disputed that it would be responsible for hypothetical tariffs that might only apply because Trina had defaulted in its delivery obligations. Simply put, in an act of pure corporate greed, Trina sold the Allco-identified modules to someone else at a higher price instead of delivering them to Allco, and was using the highly theoretical possibility of tariff duties as a *post hoc* cover story for Trina's trying to get out of its obligations to Allco.

## COUNT I
### (DECLARATORY RELIEF)

36. Plaintiff re-alleges and incorporates by reference the allegations contained in each of the foregoing paragraphs 1 through 35 as though fully set forth herein.

37. As set forth above, there is an actual, present controversy concerning the claims of Trina against Melone.

38. Plaintiff asks that the Court issue the following declaratory rulings:

   a. Trina has defaulted in all of its material obligations under the contract;

   b. Trina was not excused from performance by a Force Majeure Event or any other event;

   c. Allco did not breach the contract;

   d. Allco has fully performed all of its obligations under the contract, or has been excused from performance by Trina's breach;

   e. Allco did not anticipatorily repudiate the contract;

   f. A Force Majeure Event did not occur as a result of either of the petition filed with the Department of Commerce, or any action of the Customs and Border Protection agency;

   g. Allco's final payment under the contract has not yet become due;

   h. Melone is not liable to Trina for anything; and

   i. Trina's claims against Melone are made in bad faith, vexatiously and for oppressive reasons.

## COUNT II
### (INJUNCTIVE RELIEF)

39. Plaintiff re-alleges and incorporates by reference the allegations contained in each of the foregoing paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiff seeks injunctive relief from this Court ordering Trina to immediately discontinue from proceeding further with the California action against Melone and any similar actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Issue the declaratory rulings requested in Count I;

B. Issue the injunctive relief requested in Count II;

C. award Plaintiff his fees, costs, and other expenses as provided by applicable law; and

D. Issue such relief as Plaintiff subsequently requests or that this Court may deem

just, proper, and equitable.

Respectfully submitted,

THE PLAINTIFF,

Dated: July 15, 2022

_____
Thomas Melone
601 South Ocean Blvd.
Delray Beach, FL 33483
Telephone: (212) 681-1120
Facsimile: (801) 858-8818
Thomas.Melone@AllcoUS.com